**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Carlos J. ACOSTA, Jr.,**
**Defendant–Appellant.**

**Nos. 87–6091, 88–5103.**

United States Court of Appeals,
Eleventh Circuit.

Aug. 29, 1989.

Bonnie Phillips Del Corral, The Law Office of Bonnie Phillips del Corral, Coconut Grove, Fla., for defendant-appellant.

Dexter W. Lehtinen, U.S. Atty., Charles V. Senatore, Dawn Bowen, Linda Collins Hertz, Mayra Reyler Lichter, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellee.

Before TJOFLAT and JOHNSON, Circuit Judges, and BROWN *, Senior Circuit Judge.

PER CURIAM:

Carlos Acosta, the appellant, is a pharmacist. According to the indictment in this case, for over seven years—from March 1979 to December 1986—Acosta used his Miami, Florida pharmacy to supply cocaine laboratories in south Florida with chemicals to manufacture cocaine in violation of 18 U.S.C. § 1962(d) (1982) (count one); 18 U.S.C. § 1962(c) (1982) (count two); 21 U.S.C. § 846 (1982) (count three); 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (1982) (counts four through six). A jury found Acosta guilty as charged. The jury also found, in a special verdict, that he had obtained six million dollars, as proceeds, from the sales to the laboratories, and had used a portion of that money to purchase some of his assets. The district court accordingly ordered these proceeds and assets forfeited to the United States.

■ In this appeal, Acosta asks us to set aside his convictions, contending that they are unsupported by the evidence. His request is frivolous, as the proof of guilt was overwhelming.[1] We therefore affirm Acosta's convictions. Acosta also attacks the judgment of forfeiture. He contends that the Government's recovery under that judgment is, in part, duplicative. As the following discussion indicates, Acosta's point is well taken; we therefore vacate the judgment of forfeiture and remand the case for further proceedings.

■ The evidence at trial indicated that Acosta's chemical sales to the cocaine laboratories generated six million dollars, and that Acosta used part of that money to purchase, among other things, two parcels of real property, a boat, and certificates of deposit. The jury was asked to determine, by answering a special verdict, whether Acosta had acquired nine items with the proceeds of these sales. The jury found that Acosta had acquired six of the items with the proceeds. These included two pieces of real property, a boat, certificates of deposit, cash deposits in a bank, and "[s]ix million dollars in proceeds."

Acosta now contends that the court erred in permitting the jury to find that Acosta had acquired six million dollars *in addition to* the items that he purchased with part of that money. We agree. The problem is that Acosta failed to object to the court's instructions to the jury, in particular, those

---

* Honorable John R. Brown, Senior U.S. Circuit Judge for the Fifth Circuit, sitting by designation.

1. Much of Acosta's criminal activity was monitored by agents of the United States Drug Enforcement Administration and revealed by individuals who had been associated with the cocaine laboratories and cooperated with the prosecution.

instructions concerning the special verdict. To grant Acosta relief, we must find plain error. *See* Fed.R.Crim.P. 52(b).[2]

In order to prove plain error, Acosta must demonstrate that denial of his appeal would result in a manifest miscarriage of justice. *See United States v. Perez*, 526 F.2d 859, 864 & n. 7 (5th Cir.), *cert. denied*, 429 U.S. 846, 97 S.Ct. 129, 50 L.Ed.2d 118 (1976).[3] Such a miscarriage would result under the circumstances here only if *no* evidence existed to support the jury's special verdict. *Cf. Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1437 (11th Cir.1983).

 We believe that plain error did occur. Even the Government admits that the evidence only showed that appellant gained six million dollars from his racketeering activities. Although "RICO does not require the prosecution to prove or the trial court to resolve complex computations, so as to ensure that a convicted racketeer is not deprived of a single farthing more than his criminal act produced," *see United States v. Lizza Indus., Inc.*, 775 F.2d 492, 498 (2d Cir.1985), *cert. denied*, 475 U.S. 1082, 106 S.Ct. 1459, 89 L.Ed.2d 716 (1986), the amount of the verdict which exceeded six million dollars in the instant case had *no* evidentiary support. Because the record does not indicate the worth of the forfeited assets, we must remand this case to the district court for the limited purpose of adjusting the amount of the forfeiture order, so as to reduce the six million dollar figure by the purchase price of the assets Acosta acquired with his racketeering proceeds. *See United States v. Navarro–Ordas*, 770 F.2d 959, 970 (11th Cir.1985), *cert. denied*, 475 U.S. 1016, 106 S.Ct. 1200, 89 L.Ed.2d 313 (1986).[4]

AFFIRMED in part, and REMANDED in part with instructions.

---

**2.** Rule 52(b) provides: "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." This plain error standard applies because forfeiture under 18 U.S.C. § 1963 (1982) is part of a defendant's criminal penalty, and is mandatory following a defendant's conviction for racketeering. *See United States v. L'Hoste*, 609 F.2d 796, 809–813 (5th Cir.), *cert. denied*, 449 U.S. 833, 101 S.Ct. 104, 66 L.Ed.2d 39 (1980).

**3.** In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), this court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

**4.** Appellant makes two other claims that his assets should not have been forfeited. First, he contends that under the eighth amendment to the United States Constitution, these forfeitures are disproportionate in relation to his crime, and thereby constitute cruel and unusual punishment. Although one circuit court has recognized that some forfeitures may violate the eighth amendment, *see United States v. Busher*, 817 F.2d 1409, 1413–15 (9th Cir.1987), in light of the extent of appellant's racketeering activities and his resulting profits, the forfeitures in the instant case serve merely to divest appellant of his ill-gotten wealth. *See Russello v. United States*, 464 U.S. 16, 28, 104 S.Ct. 296, 303, 78 L.Ed.2d 17 (1983); *United States v. Monroe*, 866 F.2d 1357, 1367 (11th Cir.1989).

Second, appellant contends that the jury's special verdict form should have allowed the jury to assess the percentage of the assets that were subject to forfeiture rather than requiring it simply to determine whether the asset was forfeit. This contention also fails. In determining that the listed assets were forfeit, the jury had to have decided that they were acquired by appellant from the proceeds of his racketeering operations. Once that determination was made, appellant's entire interest in the asset was thereby forfeit. *See United States v. L'Hoste*, 609 F.2d 796, 813–14 (5th Cir.), *cert. denied*, 449 U.S. 833, 101 S.Ct. 104, 66 L.Ed.2d 39 (1980).